**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4749**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY LAMONT MCKINNEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-03-41)

———————

Submitted: April 28, 2004          Decided: May 28, 2004

———————

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael W. Patrick, LAW OFFICES OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Lamont McKinney appeals from the judgment of the district court convicting him of possession of a firearm as a convicted felon. McKinney claims that the court erred in denying his motion to suppress. Finding no error, we affirm.

McKinney first claims that the court erred in concluding that his encounter with Officer C. T. Sluder of the UNC-Greensboro Police Department was consensual in nature. Because this claim involves mixed questions of fact and law, this court reviews the district court's factual findings for clear error and the legal conclusions drawn from the facts de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Gerant, 995 F.2d 505, 508 (4th Cir. 1993).

Our review of the record supports the district court's conclusion. Sluder's interaction with the occupants of the vehicle was described as cooperative. It was brief, and there were no actions taken by Sluder that suggest McKinney's will was overborne. Accordingly, we deny relief on this claim. See United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc); see also Maryland v. Wilson, 519 U.S. 408, 415 (1997).

McKinney also asserts that even if the encounter was consensual, Sluder lacked probable cause to arrest McKinney for possession of a concealed weapon because such possession is not per se illegal in North Carolina. As this issue was not presented to

the district court, we review for plain error. <u>See</u> Fed. R. Crim P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993). North Carolina law provides for the issuance of a concealed weapon permit. <u>See</u> N.C. Gen. Stat. §§ 14-415.10 - 415.23 (2001). However, North Carolina also requires one with a concealed weapon to advise a law enforcement officer "when approached" that the individual is carrying a concealed weapon and has the appropriate permit on his person. <u>See</u> § 14-415.11(a). McKinney did not advise Sluder that he was carrying a weapon until asked and did not inform Sluder that he had a permit for such a weapon. As a consequence, Sluder had reason to believe that McKinney was in violation of North Carolina law. It was not plain error for the district court to conclude otherwise.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>